UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 09-14047

CRYSTAL NEELY,

Plaintiff,

v.

MCDONALD'S CORPORATION,

Defendant.

_____/

CIV-GRAHAM

MAGISTRATE JUDGE
LYNCH



### DEFENDANT'S NOTICE OF REMOVAL

Defendant, McDonald's Corporation ("McDonald's"), pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby files this Notice of Removal of the above-captioned matter from the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida to the United States District Court for the Southern District of Florida, Fort Pierce Division. The removal of this case is based on the following grounds:

**1.      State Court Action**

On or about January 14, 2009, Plaintiff Crystal Neely initiated an action that is still pending in the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida. The case is styled *Crystal Neely v. McDonalds Corporation*, Case No. 09-134-CA.

**2.      Defendant's Receipt of Plaintiff's Complaint**

Copies of the Complaint and Summons in this action were served on McDonald's on January 23, 2009. *See* Tab A, Copies of the Complaint and Summons.

MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

### 3.    Nature of The Action in Plaintiff's Complaint

In the Complaint, Plaintiff asserts claims against McDonald's for alleged sexual harassment, retaliation, and disability discrimination in violation of Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 ("FCRA").    Plaintiff also asserts claims against McDonald's for alleged sexual harassment and retaliation in violation of Title VII of the Civil Rights Act ("Title VII") and disability discrimination in violation of the Americans with Disabilities Act ("ADA").    Plaintiff's claims relate to her employment with McDonald's and the circumstances surrounding her separation of employment from McDonald's. *See* Tab A, Complaint at ¶¶ 13-20.  Plaintiff seeks damages for back pay and benefits, interest on back pay and benefits, front pay and benefits, compensatory damages, pecuniary and non-pecuniary losses, punitive damages, and attorney's fees and costs. *See* Tab A, Complaint ¶¶ 28, 31, 39, 43, 46, 49 and *ad damnum* clauses.

### 4.    Removal of State Court Actions

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  As demonstrated below, this action is removable under 28 U.S.C. § 1441(a) because the district court would have original jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction).    Additionally, as demonstrated below, venue is proper in the Fort Pierce Division of the Southern District of Florida and this Notice of Removal has been timely filed.

5.      **Federal Question Jurisdiction**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  Furthermore, pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

If a complaint raises a colorable federal question, then the case may be removed to federal court under 28 U.S.C. § 1441.  Because Plaintiff's Complaint alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the face of the Complaint clearly raises a federal question and removal is thus proper.

Further, supplemental jurisdiction over Plaintiff's remaining claims is proper because all of Plaintiff's claims arise out of the same alleged nucleus of operative facts – Plaintiff's employment with McDonald's as alleged in the Complaint – and, therefore, form part of the "same case or controversy."  *See* 28 U.S.C. §1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"); *see also* 28 U.S.C. §1441(c).

### 6.  Venue

The United States District Court for the Southern District of Florida is the judicial district embracing the place where the state court action is pending.  *See* 28 U.S.C. § 89(b).  Consequently, it is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a) and 1446(a).  Moreover, the Fort Pierce Division is the proper division within the Southern District of Florida to which the case should be removed.  *See* S.D. Fla. L.R. 3.1(H).

### 7.  Timeliness of Notice of Removal

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because 30 days have not elapsed since the Plaintiff's Complaint was served on McDonald's.

### 8.  State Court Pleadings

Pursuant to 28 U.S.C. § 1446(a), McDonald's is simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action. *See* Tab A.  Further, pursuant to 28 U.S.C. § 1446(d), McDonald's filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida.  A copy of Defendant's Notice of Filing Notice of Removal, without attachments, is attached at Tab B.

Dated this 11 day of February, 2009.

Respectfully submitted,

Anne Marie Estevez
 Florida Bar No. 991694
 *Email: aestevez@morganlewis.com*
Madid C. Gonzalez
 Fla. Bar No. 338760
 *E-Mail: mcgonzalez@morganlewis.com*
Morgan, Lewis & Bockius LLP
Counsel for Defendant
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2339
Telephone:  305.415.3330
eFacsimile:  877.432.9652

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to Wolfgang M. Florin, Esquire, Florin Roebig, P.A., 2255 Glades Road, Suite 324A, Boca Raton, Florida 33431, this 11 day of February, 2009.

Madid C. Gonzalez

DB1/62557827.2

5

MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

# TAB A

©COPY

IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA
CIVIL DIVISION

CRYSTAL NEELY,

        Plaintiff,

vs.

MCDONALDS CORPORATION,

        Defendants.

_____/

CASE NO.: *09-134-CA*

JUDGE ELIZABETH A. METZGER

## COMPLAINT

Plaintiff CRYSTAL NEELY by and through her undersigned attorneys, hereby sues the

Defendant, MCDONALDS CORPORATION (hereinafter referred to as "MCDONALDS") and

allege as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages in excess of $15,000.00.

2.     Venue lies within Martin because a substantial part of the events giving rise to this

claim arose in this Judicial District.

### ADMINISTRATIVE PREREQUISITES

3.     All conditions precedent to bringing this action have occurred.

4.     Plaintiff timely filed a charge of discrimination with the Equal Employment

Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR). A

copy of the charge is attached as Exhibit "A".

5.     A notification of Right to Sue was received from the EEOC and a copy is attached as

Exhibit "B". This Complaint has been filed within ninety (90) days of receipt thereof.

1

## PARTIES

6.    Plaintiff, CRYSTAL NEELEY is a resident of Martin County, Florida.

7.    Defendant, MCDONALD'S is a Florida corporation licensed and authorized to conduct business in the State of Florida and doing business within Martin County.

8.    Defendant, MCDONALD'S is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## GENERAL ALLEGATIONS

9.    At all times material, Defendant, MCDONALD'S acted with malice and with reckless disregard for Plaintiff's State protected rights.

10.    At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectation of her employer.

11.    Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

12.    Plaintiff requests a jury trial for all issues so triable.

## FACTS

13.    Defendant, MCDONALD'S is a foreign corporation which owns and operates the McDonald's restaurants located at 7596 SW Lost River Road, Stuart, Florida and 5960 SE Federal Highway, Stuart, Florida.

14.    Plaintiff was hired by Defendant on February 26, 2008 as a cashier.

15.    Beginning in February, 2008, Plaintiff was subjected to sexual harassment and inappropriate behavior from a co-worker, Rodrigo. Examples of the sexual harassment included, but are not limited to:

2

     a.     Rodrigo telling Plaintiff "let me kiss you";

     b.     Rodrigo telling Plaintiff "I love you"; and

     c.     Rodrigo grabbing Plaintiff's breasts;

16.     Although Plaintiff complained to her managers, Joe and Richard, and to the corporate hotline, nothing was done.

17.     Plaintiff has the medical condition, Psoriasis. During her employment, her manager Christina isolated her from customers, would not allow her to handle food and told her she was contagious.

18.     Due to management's failure to take any remedial action and Plaintiff not being able to tolerate the sexual harassment and disability harassment, she requested a transfer to another store.

19.     Following Plaintiff's transfer in approximately March, 2008, she continued to be harassed due to her medical condition. Manager, Wesley Lewis called her "spots" "polka dots" and "fat bitch".

20.     After complaining to manger Richard, Plaintiff was terminated from her position.

## COUNT I
## FLA. STAT. CHAPTER 760 – SEXUAL HARASSMENT

21.     Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 16, 18, 20.

22.     Plaintiff is a member of a protected class.

23.     The aforementioned actions by Defendant constitute unwelcome sexual harassment.

24.     The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

3

25.   The Defendant knew of or should have known of the harassment to Plaintiff.

26.   The aforementioned actions constitute discrimination on the basis of sex, in violation of Florida Statutes Chapter 760.

27.   The Defendant's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

28.   As a result of Defendant's unlawful sexual harassment, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

   a.   Back pay and benefits;

   b.   Interest;

   c.   Front pay and benefits;

   d.   Compensatory damages;

   e.   Pecuniary and non-pecuniary losses;

   f.   Costs and attorney's fees;

   g.   Punitive damages; and

   h.   For any other relief this Court deems just and equitable.

## COUNT II
## RETALIATION PURSUANT TO FLA. STAT. CHAPTER 760

29.   Plaintiff realleges and adopts the allegations stated in Paragraphs 1 - 20.

30.   Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760.

31.   As a result of Defendant's unlawful retaliation, Plaintiff has suffered and

4

continues to suffer damages.

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages;

e. Pecuniary and non-pecuniary losses;

f. Costs and attorney's fees;

g. Punitive damages; and

h. For any other relief this Court deems just and equitable.

## COUNT III
### TITLE VII – SEXUAL HARASSMENT

32. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 16, 18, 20.

33 Plaintiff is a member of a protected class.

34. The aforementioned actions by Defendant constitute unwelcome sexual harassment.

35. The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

36. The Defendant knew of or should have known of the harassment to Plaintiff.

37. The aforementioned actions constitute discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act.

38. The Defendant's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

5

39. As a result of Defendant's unlawful sexual harassment, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, CRYSTAL NEELY prays for the following damages against Defendants:

      a.     Back pay and benefits;

      b.     Interest;

      c.     Front pay and benefits;

      d.     Compensatory damages;

      e.     Pecuniary and non-pecuniary losses;

      f.     Costs and attorney's fees;

      g.     Punitive damages; and

      h.     For any other relief this Court deems just and equitable.

## COUNT IV
## TITLE VII - RETALIATION

40. Plaintiff realleges and adopts the allegations stated in Paragraphs 1-20.

41. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII.

42. The above described acts of retaliation constitute a violation of Title VII, 42 U.S.C. Section 2000 et seq.

43. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, CRYSTAL NEELY prays for the following damages against

6

Defendant:

      a.    Back pay and benefits;

      b.    Interest on back pay and benefits;

      c.    Front pay and benefits;

      d.    Compensatory damages;

      e.    Pecuniary and non-pecuniary losses;

      f.    Costs and attorney's fees;

      g.    Punitive damages; and

      h.    For any other relief this Court deems just and equitable.

### COUNT V
### FLORIDA CIVIL RIGHTS ACT - DISABILITY

44.. Plaintiff realleges and adopts the allegations stated in Paragraphs –1-14, 18-20.

45. By the conduct described above, Defendant engaged in unlawful employment practices and harassed and discriminated against Plaintiff on account of her known disability,, and/or because the Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Florida Civil Rights Act.

46. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a.    Back pay and benefits;

      b.    Interest on back pay and benefits;

      c.    Front pay and benefits;

7

d.   Compensatory damages;

e.   Pecuniary and non-pecuniary losses;

f.   Costs and attorney's fees;

g.   Punitive damages; and

h.   For any other relief this Court deems just and equitable.

### COUNT VI
### AMERICANS WITH DISABILITIES ACT

47.   Plaintiff realleges and adopts the allegations stated in Paragraphs 1-14  18-20 .

48.   By the conduct described above, Defendant engaged in unlawful employment practices and harassed and discriminated against Plaintiff on account of her known disability, and/or because the Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Americans with Disabilities Act.

49.   As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages;

e.   Non-Pecuniary and pecuniary losses;

f.   Costs and attorney's fees;

g.   Punitive damages; and

8

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ✓ FEPA | |
| ✓ EEOC | |

State or local agency, if any:     Florida Commission On Human Relations and EEOC

| Name (Indicate Mr., Mrs., Ms.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Crystal Neely | 772-634-7334 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 2211 NE Dixie Highway #4 | Jensen Beach, FL 34957 | April 12, 1985 |

NAME OF THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one, list below)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include area code) |
|---|---|---|
| McDonalds of Stuart | 30+ | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 7596 SW Lost River Road | Stuart, FL 34997 | Martin |

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include area code) |
|---|---|---|
| McDonalds of US 1 & Cove | 30+ | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 5960 SE Federal Highway | Stuart, Florida 34997 | Martin |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

| | | | DATE DISCRIMINATION TOOK PLACE | |
|---|---|---|---|---|
| | | | EARLIEST | LATEST |
| RACE ☐    COLOR ☐    SEX ☒    RELIGION ☐    NATIONAL ORIGIN ☐ | | | | |
| RETALIATION ☒   AGE ☐    DISABILITY ☒    OTHER *(Specify)*  Hostile work environment | | | 02/08 | 05/16/08 |

THE PARTICULARS ARE   *(If additional space is needed, attach extra sheet(s))*

I:      PERSONAL HARM:

I was employed by McDonald's of US 1 and Cove from February 28, 2008 until approximately March 11, 2008 as a drive through cashier. Beginning in February, 2008, I began being sexually harassed by co-worker Rodrigo. The harassment included comments of a sexual nature and unwelcome touching. Although I complained to management and corporate, nothing was done. In addition, my manager Christina isolated me from the customers because of my skin condition, Psoriasis. She would not allow me to handle food and told me I was contagious. In March, 2008, I requested a transfer to McDonald's of Stuart. During my employment at this location, manager Wesley Lewis began making comments about my skin condition, calling me ""spots" "polka dots" and "fat bitch". Although I asked him to stop making the comments, they continued. In May, 2008, I complained about the hostile work environment to manager Richard. After I reported the sexual harassment and hostile work environment, I was retaliated against and terminated on May 16, 2008.

II:      RESPONDENT'S REASON FOR ADVERSE ACTION:

I was told by Store Manager, Richard that "this isn't the job for you"

III:      STATEMENT OF DISCRIMINATION:

I believe I was sexually harassed on the basis of my sex, female, my perceived disability, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act, F.S. Ch. 760.

RECEIVED
FLORIDA COMMISSION ON
HUMAN RELATIONS
2008 JUL - 1   AM 11:01

___☒___   I want this charge filed with both the EEOC and the State or          NOTARY - (When necessary for State and Local Requirements)

local agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

I declare under penalty or perjury that the foregoing is true and correct.

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

| DATE | CHARGING PARTY (*Signature*) | (*Day, month, and year*) |
|---|---|---|
| EEOC FORM 5 (Rev. 06/92)<br>06-22-08 | Crystal Neely | 22 June 2008 |

LIONEL BEAULIEU
MY COMMISSION # DD 415920
EXPIRES: April 8, 2009
Bonded Thru Notary Public Underwriters

Flr Lic# N406-412-80-632-0
Exp- 4/2/14

SIGN
HERE

DEC-16-2008  12:01                                                  7723349277   P.01

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Ms. Crystal Neely                          From: Miami District Office
    1135 N.E. Railroad Street                         2 South Biscayne Blvd
    Jensen Beach, Florida 34957                       Suite 2700
                                                      Miami, FL 33131

☐  On behalf of person(s) aggrieved whose identity is
   *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2008-03974 | Lisbeth Bailey, Investigator | (305) 808-1755 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA ~~EEOC charge is not required.~~ EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) ~~EPA underpayment.~~ This means that backpay due for any violations that occurred **more than 2 years (3 years)** before ~~may not be collectible.~~

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission                          DEC 0 4 2008

Enclosures(s)                                         _____
                   Ozzie L. Black, Acting Director        (Date Mailed)

cc:  MCDONALD'S USA, LLC                     Wolfgang M. Florin, Esquire
     c/o Georgia J. Reithal, Esquire         Florin, Roebig, P.A.
     833 North Driveway                      777 Alderman Road
     Glen Ellyn, Illinois 60137              Palm Harbor, Florida 34683

                                                         TOTAL P.01

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA
CIVIL CASE NO.:

**COPY**

CRYSTAL NEELY,

    Plaintiff,

vs.

MCDONALDS CORPORATION,

    Defendant.

_____/

*09-134 CA*

*JUDGE ELIZABETH A. METZGER*

**LABOR RELATIONS**

JAN 2 3 2008

**RECEIVED**

**S U M M O N S**

THE STATE OF FLORIDA:

    YOU ARE HEREBY COMMANDED commanded to serve this Summons, a copy of the Complaint, in the above styled cause upon the Defendant:

McDonalds Corporation
c/o Prentice Hall Corporation System, Inc.
Suite 105
Tallahassee, FL 32301

    The Defendant is hereby required to serve written defenses to said complaint on Plaintiff's attorney, whose name and address is:

Wolfgang M. Florin, Esquire
FLORIN ROEBIG, P.A.
2255 Glades Road – Suite 324A
Boca Raton, Florida 33431

Rcvd __1/22/09__ at _104_ _P_.m and
Srvd __1/23/09__ at _120_ _P_.m by
_____ Chris J. Colson #142
Certified Process Server, 2nd Judicial Crct of Florida

within 20 days after service of this Summons upon that Defendant, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

    Witness my hand and the seal of said Court on __1/14_____, 2009.

NOTICE TO PERSONS WITH DISABILITIES
if you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Clerk of Court's Administration Division, 100 E. Ocean Blvd., Ste. 200, Stuart, FL 34994, 772-288-5576 within 2 working days of your receipt of this document. If you are hearing or voice impaired, call 1-800-955-8771

(SEAL)

MARSHA EWING
Clerk of the Circuit Court
LEVI JOHNSON
_____
Deputy Clerk

*In accordance with the Americans with Disabilities Act, persons with disabilities needing special accommodation to participate in this proceeding should contact the individual or agency sending the notice not later than seven (7) days prior to the proceedings. If hearing impaired, (TDD) 1-800-955-8771, or Voice (V), 1-800-9558770, via Florida Relay Service.

# TAB B

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT, IN AND FOR
MARTIN COUNTY, FLORIDA

CRYSTAL NEELY,                                CASE NO. 09-134-CA

          Plaintiff,

v.

MCDONALDS CORPORATION,

          Defendant.

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

Defendant, MCDONALDS CORPORATION, hereby gives notice that it has removed this cause to the United States District Court for the Southern District of Florida, Fort Pierce Division. A copy of the Notice of Removal, without attachments, is attached hereto as Exhibit A. In accordance with Title 28 of the United States Code, no further proceedings should be held in the Circuit Court of the Nineteenth Judicial Circuit, in and for Martin County, Florida.

Dated this 11 day of February, 2009.

Respectfully Submitted,

Anne Marie Estevez
Florida Bar No. 991694
*E-Mail: aestevez@morganlewis.com*
Madid C. Gonzalez
Florida Bar No. 0338760
*E-Mail: mcgonzalez@morganlewis.com*
Morgan, Lewis & Bockius LLP
Attorneys for Defendant
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2339
Telephone: 305.415.3330
eFacsimile: 877.432.9652

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via U. S. Mail to Wolfgang M. Florin, Esquire, Attorney for Plaintiff, Florin Roebig, P.A., 2255

Glades Road, Suite 324A, Boca Raton, Florida 33431, this  \_\_11\_\_ day of February, 2009.

Madid C. Gonzalez

DB1/62557560.2

MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

≋JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Crystal Neely

**DEFENDANTS** FTP 09CV14047-DLG/FJL

McDonald's Corporation

**(b)** County of Residence of First Listed Plaintiff  Martin County

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Wolfgang M. Florin, Esq., Florin Roebig, P.A.
2255 Glades Road, Suite 324A, Boca Raton, Florida 33431
Telephone: 561.989.5414

Attorneys (If Known)

Anne Marie Estevez, Esq., Morgan, Lewis & Bockius LLP
5300 Wachovia Financial Center, 200 South Biscayne Boulevard
Miami, Florida 33131-2339, Telephone: 305.415.3330

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Venue: Martin per Attny Estevez

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  ☐ 310 Airplane  ☐ 315 Airplane Product Liability  ☐ 320 Assault, Libel & Slander  ☐ 330 Federal Employers' Liability  ☐ 340 Marine  ☐ 345 Marine Product Liability  ☐ 350 Motor Vehicle  ☐ 355 Motor Vehicle Product Liability  ☐ 360 Other Personal Injury | **PERSONAL INJURY**  ☐ 362 Personal Injury - Med. Malpractice  ☐ 365 Personal Injury - Product Liability  ☐ 368 Asbestos Personal Injury Product Liability  **PERSONAL PROPERTY**  ☐ 370 Other Fraud  ☐ 371 Truth in Lending  ☐ 380 Other Personal Property Damage  ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture  ☐ 620 Other Food & Drug  ☐ 625 Drug Related Seizure of Property 21 USC 881  ☐ 630 Liquor Laws  ☐ 640 R.R. & Truck  ☐ 650 Airline Regs.  ☐ 660 Occupational Safety/Health  ☐ 690 Other | ☐ 422 Appeal 28 USC 158  ☐ 423 Withdrawal 28 USC 157  **PROPERTY RIGHTS**  ☐ 820 Copyrights  ☐ 830 Patent  ☐ 840 Trademark | ☐ 400 State Reapportionment  ☐ 410 Antitrust  ☐ 430 Banks and Banking  ☐ 450 Commerce  ☐ 460 Deportation  ☐ 470 Racketeer Influenced and Corrupt Organizations  ☐ 480 Consumer Credit  ☐ 490 Cable/Sat TV  ☐ 810 Selective Service  ☐ 850 Securities/Commodities/ Exchange |
| ☐ 120 Marine  ☐ 130 Miller Act  ☐ 140 Negotiable Instrument  ☐ 150 Recovery of Overpayment & Enforcement of Judgment  ☐ 151 Medicare Act  ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)  ☐ 153 Recovery of Overpayment of Veteran's Benefits  ☐ 160 Stockholders' Suits  ☐ 190 Other Contract  ☐ 195 Contract Product Liability  ☐ 196 Franchise | | | **LABOR**  ☐ 710 Fair Labor Standards Act  ☐ 720 Labor/Mgmt. Relations  ☐ 730 Labor/Mgmt.Reporting & Disclosure Act  ☐ 740 Railway Labor Act  ☐ 790 Other Labor Litigation  ☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**  ☐ 861 HIA (1395ff)  ☐ 862 Black Lung (923)  ☐ 863 DIWC/DIWW (405(g))  ☐ 864 SSID Title XVI  ☐ 865 RSI (405(g))  **FEDERAL TAX SUITS**  ☐ 870 Taxes (U.S. Plaintiff or Defendant)  ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 875 Customer Challenge 12 USC 3410  ☐ 890 Other Statutory Actions  ☐ 891 Agricultural Acts  ☐ 892 Economic Stabilization Act  ☐ 893 Environmental Matters  ☐ 894 Energy Allocation Act  ☐ 895 Freedom of Information Act  ☐ 900Appeal of Fee Determination Under Equal Access to Justice  ☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**  ☐ 210 Land Condemnation  ☐ 220 Foreclosure  ☐ 230 Rent Lease & Ejectment  ☐ 240 Torts to Land  ☐ 245 Tort Product Liability  ☐ 290 All Other Real Property | **CIVIL RIGHTS**  ☐ 441 Voting  ☒ 442 Employment  ☐ 443 Housing/ Accommodations  ☐ 444 Welfare  ☐ 445 Amer. w/Disabilities - Employment  ☐ 446 Amer. w/Disabilities - Other  ☐ 440 Other Civil Rights | **PRISONER PETITIONS**  ☐ 510 Motions to Vacate Sentence  **Habeas Corpus:**  ☐ 530 General  ☐ 535 Death Penalty  ☐ 540 Mandamus & Other  ☐ 550 Civil Rights  ☐ 555 Prison Condition | **IMMIGRATION**  ☐ 462 Naturalization Application  ☐ 463 Habeas Corpus - Alien Detainee  ☐ 465 Other Immigration Actions | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 2000e et seq., 42 U.S.C. § 12101 et seq.

Brief description of cause:
The underlying claim alleges sexual harassment, retaliation, and discrimination on the basis of a disability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE                                DOCKET NUMBER

DATE  2/11/09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  99505   AMOUNT  $350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

02/11/09